IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCAS SCHMIDT,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE VALLEY COMMUNITY ACTION,<br><br>Defendant. | 8:23CV39<br><br>**MEMORANDUM AND ORDER** |

On August 11, 2023, the Court issued a Memorandum and Order, Filing No. 6, after initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), finding that Plaintiff's Complaint brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126, stated a plausible sexual discrimination (disparate treatment) claim against Blue Valley Community Action, the sole defendant in this proceeding. Id.  Of the remaining claims, Plaintiff's Title VII and NFEPA claim for disability discrimination was dismissed with prejudice, however he was granted leave to amend his claims "of sexual harassment-hostile work environment, religious discrimination, and retaliation," which as currently pleaded failed to state a claim on which relief may be granted and were subject to dismissal on initial review. Id. at 18. Specifically, Plaintiff was given 30 days in which to file an amended complaint that states facts supporting a plausible claim or claims for relief for sexual harassment/hostile work

environment, religious discrimination, and retaliation but was warned that failure to do so would result in the dismissal of those claims. *Id.*

As of the date of this Memorandum and Order, Plaintiff has failed to file an Amended Complaint and the September 11, 2023, deadline to do so has passed. Accordingly, this matter shall proceed only as to Plaintiff's sexual discrimination-disparate treatment claim against Blue Valley Community Action.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims for sexual harassment/hostile work environment, religious discrimination, and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and/or the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126, against sole Defendant Blue Valley Community Action are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. This matter may proceed to service of process against Defendant Blue Valley Community Action for Plaintiff's sexual discrimination-disparate treatment claim brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126.

3. To obtain service of process on the Defendant, Plaintiff must complete and return the summons forms that the Clerk of Court will provide.  The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms for Defendant and send the completed forms back to the Clerk of Court.  In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign the summons form and forward it together with the USM-285 form and a copy of the Complaint, Filing No. 1, and of this Memorandum and Order to the United States Marshals Service for service of process on the Defendant Blue Valley Community Action. The Marshals Service shall serve the Defendant by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

6. Federal Rule of Civil Procedure 4(m) requires service of the Complaint on a defendant within 90 days of filing the Complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court shall set a case management deadline in this case with the following text: **December 12, 2023:** check for completion of service.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

10. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 13th day of September, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge